IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL GONZALEZ,

                Petitioner,                              ORDER

    v.                                                       09-cv-496-slc

GREG VAN RYBROEK, Director,
Mendota Mental Health Institute,

                Respondent.

---

        Daniel Gonzalez, a patient at the Mendota Mental Health Institute in Madison, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. His petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

        The petition is sparse. However, from its allegations and state court records available electronically, I am able to discern that petitioner is challenging judgments entered in 2001 by the Circuit Court for Milwaukee County in cases 00CF3327 and 00CF5123, in which petitioner entered pleas of guilty but not guilty by reason of mental disease or defect (NGI) to one count of battery to a prisoner and one count of battery to a law officer. Wisconsin Circuit Court Access, available at http://wcca.wicourts.gov/index.xsl (search Milwaukee County case numbers 00CF3327 and 00CF5123). Petitioner alleges that his lawyer coerced him into entering a plea, that petitioner was denied the right to attend many court hearings

and that his lawyers were "vague" and gave him "no hope." According to the petition, petitioner filed a direct appeal from the judgments, which was rejected by the Wisconsin Court of Appeals on April 21, 2005. It appears that petitioner did not file a petition for discretionary review in the Wisconsin Supreme Court.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

The petition lacks sufficient information for me to find that petitioner has a cognizable constitutional claim. Petitioner's allegation that he was forced to enter a plea "under duress" and that he did not understand what was happening to him is simply too conclusory to show that he did not knowingly and intelligently waive his right to trial. His other two claims are similarly vague and unsupported by any specific factual allegations.

There is another problem with the petition: it appears to be untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner generally has one year from the date his state court conviction becomes final in which to seek federal habeas

relief. 28 U.S.C. § 2244(d)(1)(A). According to state court records available electronically, the state court of appeals denied petitioner's appeal on August 12, 2005, and petitioner did not seek any further review. (Petitioner has filed a number of motions for conditional release in the circuit court, but it appears that those are neither the subject of this petition nor attacks on the judgment that would toll the limitations period under § 2244(d)(2).) Accordingly, he filed his petition approximately four years too late.

In theory, the one-year deadline may be tolled if "some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack," Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000), although the Court of Appeals for the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003). See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244). Such an impediment must have been an "extraordinary circumstance" that prevented petitioner from filing a timely petition. Lawrence, 549 U.S. at 336. Before dismissing the petition on timeliness grounds, I will allow petitioner to supplement it with any facts he has to show that extraordinary circumstances beyond his control prevented him from filing a federal habeas petition any sooner than he did. In his supplement, petitioner should also present additional facts to support his claim that his plea was not voluntary, that he was denied due process and that his lawyers were ineffective.

As a final note, the petitioner named the respondent in this action as "Mendota Mental Health Institute." I have amended the caption to reflect that the proper respondent is the institution's director, Greg Van Rybroek. Rule 2(a) of the Rules Governing Section 2254 Cases (petition must name as respondent state officer who has custody over petitioner).

ORDER

IT IS ORDERED that petitioner Daniel Gonzalez has until September 21, 2009, in which to supplement his petition with facts supporting his claim that he is in custody in violation of his constitutional rights. In addition, he must present facts to show that his petition is timely or that equitable circumstances exist to excuse his untimely filing. If petitioner fails to submit this information to the court by September 21, 2009, his petition will be dismissed for his failure to prosecute it.

Entered this 21st day of August, 2009.

BY THE COURT:

/s/

BARBARA B. CRAB
District Judge